UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PAUL PALADINO, *on behalf of himself and*
*all others similarly situated*,

                    Plaintiff,

         -against-

MRS BPO, LLC,

                    Defendant.
-------------------------------------------------------X

**FILED**
**CLERK**

1/30/2020 3:50 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-172 (JMA) (AYS)

**Appearances:**

Mitchell L. Pashkin
775 Park Avenue, Ste. 255
Huntington, NY 11743
         *Attorney for Plaintiff*

Michael Thomas Etmund
Moss & Barnett, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402-4129
         *Attorney for Defendant*

Aleksander Piotr Powietrzynski
Winston and Winston P.C.
155 E 44th Street, 5th Floor, Suite 142
New York, NY 10017
         *Attorney for Defendant*

**AZRACK, United States District Judge:**

         On August 15, 2018, Paul Paladino ("Plaintiff") initiated a civil action against the defendant in the Supreme Court of the State of New York, County of Suffolk by filing a Summons with Notice. (ECF No. 1.) The defendant removed this action to Federal Court and Plaintiff subsequently filed a Federal Complaint. (Compl., ECF No. 8.) Before the Court is the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16.) For the reasons stated herein, the defendant's motion is GRANTED and this case is dismissed with prejudice.

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing the motion, the Court accepted the factual allegations set forth in the complaint as true and drew all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). However, when deciding such a motion to dismiss, the Court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

Plaintiff's primary allegation is that the collection notice he received was misleading in violation of the FDCPA because it contained the phrase, "[t]he total amount of the debt due as of charge-off" in describing the debt. (See Compl. ¶¶ 15–28, Ex. A.) He claims the use of the phrase "as of" to qualify the amount of the debt due could lead the least sophisticated consumer to falsely believe that his balance might increase. (See Id.; Pl.'s Mem. of Law in Opp., ECF No. 16-2.) However, Plaintiff admits that the debt at issue was static and not accruing any additional fees or charges. (Id.)

On November 4, 2019, the Second Circuit issued a Summary Order in Dow v. Frontline Asset Strategies, LLC 783 F. App'x 75 (2d Cir. 2019). Like the instant action, the Dow case involved a collection notice seeking to collect a static debt that the plaintiff contended was misleading in violation of the FDCPA because the language therein could cause the least sophisticated consumer to erroneously believe that their debt is dynamic. The Dow plaintiff claimed that the letter violated the FDCPA because it (1) broke out the interest and charges or fees

accrued on the balance as separate line items and listed the amount as $0; and (2) used the language "[a]s of the date of this letter, you owe…."

The Second Circuit affirmed the decision by the district court in <u>Dow</u>, which had granted the defendant's motion for judgment on the pleadings. The Second Circuit found that the line items for interest and charges or fees accrued on the balance did not render the notice misleading because the "lines reflect $0 in interest or fees and charges had accrued." <u>Dow</u>, 783 F. App'x at *77. Moreover, the Second Circuit determined that the language "as of the date of this letter, you owe…" did not otherwise render the notice misleading. <u>Id.</u> Without any "other information relating to interest, fees, or charges in the notice," the Second Court held that one "cannot say that the least sophisticated consumer would read the collection notice here as suggesting their debt is dynamic." <u>Id.</u>

The Court finds that <u>Dow</u>, together with the Second Circuit's prior precedent, <u>Taylor v. Fin. Recovery Servs., Inc.</u>, 886 F.3d 212 (2d Cir. 2018), is dispositive of this action. The debt at issue here was static and there is no mention of any other interest, fees, or charges in the collection notice. As the Second Circuit found in <u>Taylor</u>, "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." 886 F.3d at 215. The <u>Dow</u> Order then explained how the phrase "as of" when used to describe the amount owed on a static debt would not lead the least sophisticated consumer to believe their debt is dynamic. Accordingly, the Court finds the use of the language "[t]he total amount of the debt due as of charge off," to describe a static debt is not false, deceptive, or misleading in violation of the FDCPA. Thus, Plaintiff's first cause of action is dismissed.

Plaintiff's second cause of action alleges that the placement of "Account Balance" in the top right of the notice in conjunction with the phrase, "[t]he total amount of the debt due as of charge-off," further down the page results in conflicting statements that "could leave the least

sophisticated consumer uncertain as to whether or not the amount of the debt is static." (Compl. ¶¶ 21–24.) However, the two statements reflect the same amount of the debt, and Plaintiff does not allege that the amount was not accurate. Just as the <u>Dow</u> Court found that the separate line items listing $0 in interest and charges or fees, together with the language "[a]s of the date of this letter, you owe…" did not render that collection notice misleading, the inclusion of both statements on the same notice, reflecting the same balance on a static debt, is not false, deceptive, or misleading in violation of the FDCPA.

The dismissal of Plaintiff's first and second causes of action necessitates the dismissal of the remaining causes of action. First, Plaintiff has not identified any other way the collection notice was false, deceptive, or misleading in violation of Section 1692e to maintain the third cause of action. Furthermore, Sections 1692e and 1692g must be read in harmony, and "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." <u>Taylor</u>, 886 F.3d at 215. Because Plaintiff does not allege that the amount listed was not an accurate representation of the amount of the debt, Plaintiff's fourth cause of action alleging a violation of Section 1692g must also be dismissed.

Based on the foregoing, the Court grants the defendant's motion to dismiss and dismisses this case with prejudice. The Clerk of the Court is directed to enter judgment accordingly and mark this case closed.

**SO ORDERED.**

Dated: January 30, 2020
Central Islip, New York

                                 _____/s/ (JMA)_____
                                 JOAN M. AZRACK
                                 UNITED STATES DISTRICT JUDGE